

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2005

# Santiago v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Santiago v. Comm Social Security" (2005). *2005 Decisions.* Paper 1376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2546

ANNA M. SANTIAGO, o/b/o
GUIDO SANTIAGO

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 02-CV-05126
District Judge: The Honorable William G. Bassler

Submitted Pursuant to LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH and ROSENN, *Circuit Judges*

(Filed: April 12, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Anna M. Santiago, on behalf of her son Guido Santiago, appeals from the decision

of the Commissioner of Social Security denying Guido's application for child

Supplemental Security Income benefits under Title XVI of the Social Security Act.[1]  Our review is limited to determining "whether there is substantial evidence to support the Commissioner's decision."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

Regulation § 416.924 sets out the three-step sequential analysis for determining child disability claims.  20 C.F.R. § 416.924.  Under this analysis, a child is disabled if: (1) he is neither working nor engaged in substantial gainful activity; (2) he has a medically determinable impairment that is severe; and (3) the medically determinable severe impairment meets, medically equals, or functionally equals a listing in Appendix 1 of the regulations.  20 C.F.R. § 416.924 (referring to § 416.925 (incorporating 20 C.F.R. Part 404, subpart P, Appendix 1)).  An impairment functionally equals a listed impairment in Appendix 1 if the child has "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  20 C.F.R. § 416.926a(a).  Six domains are to be considered: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and, health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

---

[1]The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We exercise appellate jurisdiction under 28 U.S.C. § 1291.

Here, the ALJ found that Guido was not working, and that Guido had asthma and borderline intellectual functioning that were severe impairments. As these impairments neither met nor equaled the criteria of any listed impairment, the ALJ concluded that Guido was not disabled. The ALJ pointed out that Guido's asthma was controlled with medication, that he was able to participate in gym classes and that he had not required hospitalization for any exacerbations of his asthma. Further, the ALJ determined that Guido's borderline intellectual functioning was not disabling, because his functional limitations were neither "extreme" in one domain nor "marked" in two.

Mrs. Santiago asserts that the ALJ erred at step three in the analysis by finding that Guido did not meet or equal the criteria of a listing. In her view, the ALJ erred because he completely failed to explain why her son's impairments did not medically equal a listing and that he made no findings with regard to whether Guido's impairments functionally equaled a listing. Mrs. Santiago contends that the ALJ's analysis is contrary to our instruction in *Burnett v. Commissioner*, 220 F.3d 112, 119 (3d Cir. 2000), that ALJs must fully explain what listings are considered and why an impairment does not equal the criteria of a listed impairment.

In *Burnett*, we were troubled by the fact that the ALJ summarily concluded that the plaintiff's severe impairment did not satisfy or equal any of the impairments listed in Appendix 1 of the regulations. *Id.* We noted that the ALJ had failed to identify the relevant listing, to discuss the evidence or explain his conclusion. Relying on our

3

precedent in *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981), which required ALJs to set forth the reasons for their decisions, we concluded that the ALJ's conclusory statement precluded meaningful judicial review, and we remanded for further proceedings.

Here, as the District Court noted, the ALJ did not summarily conclude that Guido's impairments did not medically equal a listed impairment. Rather, the ALJ considered the medical evidence and relied upon the opinions of state physicians and psychologists that Guido's asthma and borderline intellectual functioning did not satisfy or equal a listed impairment. As the District Court observed, "[a]pproximately four and a half pages of the ALJ's decision are devoted to analyzing Guido's limitations with respect to the six domains of functioning, based on medical evidence and school reports in the record." That analysis allows for meaningful review, and we conclude that there is substantial evidence to support the ALJ's determination that Guido's medical status did not medically equal the criteria of a listed impairment.

Nor do we find any error regarding the ALJ's determination that Guido's condition was not functionally equivalent to a listed impairment. The ALJ carefully considered Guido's functional limitations in each of the six domains, and there is substantial evidence to support his conclusion that Guido's limitations were not as severe as those set forth in the listings.

We will affirm the judgment of the District Court, upholding the Commissioner's

4

denial of SSI benefits to Guido Santiago.